**LAW OFFICES OF JENNIFER R. SNYDER**
Jennifer R. Snyder (SBN 282585)
E-mail: jennifer@jrslawoffices.com
39675 Cedar Boulevard, Suite 250
Newark, CA 94560
Telephone: 510.573.1043; Facsimile: 510.573.3156

Attorneys for Plaintiff, *Cheryl Butler-Adams*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL BUTLER-ADAMS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SPIRIT AIRLINES, INC., DAL GLOBAL SERVICES, INC., and DOES ONE through ONE HUNDRED, inclusive,<br><br>　　　　Defendant. | CASE NO.  3:14-CV-02761 JST<br><br>**PLAINTIFF'S MOTION FOR AN ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT AT LAW**<br><br>　(1) **NOTICE OF MOTION**<br>　(2) **MEMORANDUM OF POINTS AND AUTHORITIES**<br>　(3) **PROPOSED FIRST AMENDED COMPLAINT AT LAW**<br>　(4) **DECLARATION OF JENNIFER R. SNYDER**<br><br>**Under Separate Cover:**<br><br>**[PROPOSED] ORDER**<br><br>DATE:  October 9, 2014<br>TIME:  2:00 p.m.<br>CRTRM: 9, 19th Floor<br>JUDGE: Jon S. Tigar |

**PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE A FIRST AMENDED COMPLAINT AT LAW**

## NOTICE OF MOTION

**TO DEFENDANTS, SPIRIT AIRLINES, INC., DAL GLOBAL SERVICES, INC. AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on **October 9, 2014 at 2:00 p.m.,** or as soon thereafter as the matter can be heard in Courtroom 9 of the above-captioned Court located at 450 Golden Gate Avenue, San Francisco, California 94102, the above named Plaintiff will, and hereby does move this Honorable Court for an order granting Plaintiff leave to file her First Amended Complaint at Law, and ordering that the Amended Complaint submitted with this motion be deemed filed.

The motion will be based on this Notice of Motion, and Motion, the Memorandum of Points and authorities, Plaintiff's proposed First Amended Complaint at Law, Declaration of Jennifer R. Snyder, and the {Proposed} Order filed herewith, on all of the filed records of this action, and on any additional material that may be elicited at the hearing of this motion.

Dated:  August 28, 2014                     **LAW OFFICES OF JENNIFER R. SNYDER**

                                        By   /s/ Jennifer R. Snyder_____
                                              Jennifer R. Snyder
                                              Attorney for Plaintiff Cheryl Butler-Adams

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Cheryl Butler-Adams, by and through her legal counsel, Attorney Jennifer R. Snyder, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, moves this Court for leave to file a First Amended Complaint at Law, a copy of which is attached hereto as Exhibit A.

The new complaint maintains the counts and allegations against the same defendants from the original complaint, but addresses some of the issues raised in Defendant Spirit Airlines' Motion to Dismiss.

In support of this motion, plaintiff states that Defendant, Spirit Airlines, has filed a detailed motion to dismiss each and every count of plaintiff's complaint at law based on multiple legal theories.

Plaintiff believes that she can cure all of the issues defendant raises with regard to plaintiff's complaint by filing the attached First Amended Complaint at Law.

Defendant argues that Plaintiff has failed to plead sufficient facts to state a claim upon which relief can be granted for virtually every legal theory posed in her complaint. Plaintiff has corrected any alleged deficiencies by adding more specific facts to her complaint, but she has not added new legal theories.

Defendant next argues that Plaintiff's causes of action are time barred by the Statute of Limitations. By correcting Plaintiff's termination date in the complaint, this issue can be resolved.

Defendant further argues that Plaintiff has failed to exhaust administrative remedies for a both a claim under the DFEH and the EEOC. Plaintiff has amended her complaint to address both of these issues by attaching copies of her complaint/charges.

Finally, the Amended Complaint correctly names Defendant DGS as DGS was incorrectly named as "DGS Global, Inc." in the original complaint and the name is corrected to "DGS Global, LLC" in the First Amended Complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading, "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (citation omitted); see e.g., *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct.227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper v Development Co. v. Employers Insurance of Wausau,* 765 F.Supp. 1429, 1432 (N.D. Cal.1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Tust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal.1983)(same); *see also*, Moore, 3-15 *Moores' Federal Practice* – Civil § 15.1 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).")  The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party and futility of the amendment." *DCD Programs*, 833 F.2d at 186.  None of these factors are present here.

Plaintiff's Amended Complaint is timely and should be allowed.  There is no prejudice to Defendants here.  Plaintiff's Amended Complaint does not change the nature of the lawsuit, and

discovery has not yet begun in this case. Accordingly, defendants will not be prejudiced by an order granting leave to file Plaintiff's Amended Complaint.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court.  In the absence of….undue delay, bad faith or dilatory motive on the party of the movant…undue prejudice to the opposing party by virtue of allowance of the amendment…the leave sought should, as the rules require, be 'freely given.'" (Foman v. Davis, 371 U.S. 178, 182 (1962).

WHEREFORE, plaintiff respectfully requests this Court grant Plaintiff leave to file a First Amended Complaint at Law and further that Plaintiff's claims against Defendants shall relate back to June 13, 2014, the date on which Plaintiff's original Complaint was filed.

DATED: August 29, 2014

**RESPECTFULLY SUBMITTED,**
**LAW OFFICES OF JENNIFER R. SNYDER**

By:     /s/ Jennifer R. Snyder
    Jennifer R. Snyder
    Attorneys for Plaintiff, Cheryl Butler-Adams

**PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE A FIRST AMENDED COMPLAINT AT LAW**