ALAN S. LEVINS, Bar No. 57612
alevins@littler.com
JESSICA L. MARINELLI, Bar No. 271707
jmarinelli@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, California 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant
SPIRIT AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHERYL BUTLER-ADAMS,

Plaintiff,

v.

SPIRIT AIRLINES, INC., DAL GLOBAL SERVICES, INC., and DOES ONE through ONE HUNDRED, inclusive,

Defendants.

Case No. C 14-02761 JST

**DEFENDANT SPIRIT AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**Docket 29**

Date: October 9, 2014
Time: 2:00 p.m.
Ctrm: Courtroom 9, 19th Floor
Judge: Hon. Jon S. Tigar

Complaint Filed: June 13, 2014

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

**CASE NO. C 14-02761 JST**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1
II. STATEMENT OF FACTS ........ 2
III. LEGAL ARGUMENT ........ 4
A. Leave to Amend Should be Denied Where, as Here, the Proposed Amendments Would be Futile. ........ 4
B. Plaintiff Failed To Exhaust Her Administrative Remedies Against SPIRIT For Her FEHA, Title VII And Labor Code § 1102.5 Claims ........ 4
C. Plaintiff's FEHA, Title VII, Whistleblower Retaliation And Emotional Distress Claims Still Fail Because They Are Time-Barred. ........ 5
D. Plaintiff's Title VII And Section 1981 Age Discrimination Claims Still Fail Because These Statutes Do Not Provide A Cause of Action For Age Discrimination. ........ 6
E. Plaintiff's FEHA, Title VII And Section 1981 Discrimination Claims Still Fail Because Plaintiff's Proposed Amended Complaint Pleads Insufficient Facts To State a Claim. ........ 7
F. Plaintiff's Retaliation Claim Fails Because Her Proposed Amended Complaint Still Does Not Allege Protected Activity Within The Meaning Of Section 1102.5. ........ 8
G. Plaintiff's Claim For Wrongful Termination Fails Because It Is Still Predicated On Public Policies Embodied In FEHA And Section 1102.5, Under Which She Cannot Recover. ........ 9
H. Plaintiff's Emotional Distress Claim Fails Because It Is Still Derivative Of Plaintiff's Other Causes Of Action Under Which She Cannot Recover, And Because It Is Insufficiently Pled. ........ 10
I. Leave to Amend Should Be Denied Where, As Here, There is Prejudice and Delay. ........ 11
IV. CONCLUSION ........ 12

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

i.

CASE NO. C 14-02761 JST

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Almax v. Temple-Inland Forest Prods. Corp.*, 243 F.3d 57 (1st Cir. 2001) ........ 11

*Caldwell v. Paramount Unified School Dist.*, 41 Cal. App. 4th 189 (1995) ........ 7

*Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal. App. 4th 1505 (1996) ........ 5

*Collier v. Superior Court*, 228 Cal. App. 3d 1117 (1991) ........ 8

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ........ 12

*Estes v. Monroe*, 120 Cal. App. 4th 1347 (2004) ........ 10

*FDIC v. Conner*, 20 F.3d 1376 (5th Cir. 1994) ........ 4

*Fenters v. Chevron*, 2009 U.S. Dist. LEXIS 115903 (E.D. Cal. 2009) ........ 6

*Flait v. North American Watch Corporation*, 3 Cal. App. 4th 467 (1992) ........ 7

*Fonseca v. Sysco Food Servs. Of Arizona, Inc.*, 374 F.3d 840 (9th Cir. 2004) ........ 7

*Gardenhire v. Housing Authority of the City of Los Angeles*, 85 Cal. App. 4th 236 (2000) ........ 9

*Gonsalves v. Infosys Technologies, LTD.*, 2010 U.S. Dist. LEXIS 44401 (N.D. Cal. 2010) ........ 10

*Gonzalez v. Stanford Applied Engineering, Inc.*, 597 F.2d 1298 (9th Cir. 1979) ........ 6

*Green v. Ralee Engineering Co.*, 19 Cal. 4th 66 (1998) ........ 8

*Guz v. Bechtel*, 24 Cal. 4th 317 (2000) ........ 7

*Harrah v. Toyota Logistic Servs., Inc.*, 2004 U.S. Dist. LEXIS 28833 (C.D. Cal. 2004) ........ 9

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

ii.

CASE NO. C 14-02761 JST

*Heard v. Lockheed Missiles & Space Co.*,
44 Cal. App. 4th 1735 (1996) .......... 7

*James v. Communications Workers of America*,
534 F. Supp. 566 (N.D. Ga. 1982) .......... 5

*Janken v. GM Hughes Electronics,*
46 Cal. App. 4th 55 (1996) .......... 11

*Kaplan v. Rose*,
49 F.3d 1363 (9th Cir. 1994) .......... 11

*Love v. Motion Industries, Inc.*,
309 F. Supp. 2d 1128 (N.D. Cal. 2004) .......... 8

*Martin v. Lockheed Missile & Space Co*.,
29 Cal. App. 4th 1718 (1994) .......... 4

*Medix Ambulance Serv., Inc. v. Super. Ct.* (*Collado*),
97 Cal. App. 4th 1098 (2002) .......... 5

*Moore v. Kayport Package Express, Inc.,*
885 F.2d 531 (9th Cir. 1989) .......... 11

*Ortiz v. Lopez,*
688 F. Supp. 2d 1072 (E.D. Cal. 2010) .......... 5

*Price v. Pinnacle Brands, Inc*.,
138 F.3d 602 (5th Cir. 1998) .......... 11

*Ramsay v. Broward County Sheriff's Office*,
No. 05-61959, 2007 U.S. Dist. LEXIS 98428 (S.D. Fla. May 24, 2007) .......... 5

*Saes Getters S.p.A. v. Aeronex, Inc.*,
210 F. Supp. 2d 1081 (S.D. Cal. 2002) .......... 4

*Saul v. United States*,
928 F.2d 829 (9th Cir. 1991) .......... 4

*Schnur v. GM Hughes Elecs.*,
1996 U.S. App. LEXIS 2150 (9th Cir. Cal. 1996) .......... 5

*Straus v. A.L. Randall. Co.*, *Inc.*,
144 Cal. App. 3d 514 (1983) .......... 10

*Swanson v. US Forest Service*,
87 F.3d 339 (9th Cir. 1996) .......... 11

*TRW Inc. v. Super. Ct.*,
25 Cal. App. 4th 1834 (1994) .......... 10

*Wong v. Jing*,
189 Cal. App. 4th 1354 (2010) .......... 10

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

iii.

**CASE NO. C 14-02761 JST**

**Statutes**

42 U.S. Code section 1981 ........ 1, 6, 10

42 U.S. Code section 2000e-5(f)(1) ........ 6

California Code of Civil Procedure section 340(a) ........ 6

California Government Code section 12960(d) ........ 4

California Government Code section 12965(b) ........ 6

California Labor Code section 1102.5 ........ passim

California Labor Code section 1102.5(a) ........ 8

California Labor Code section 1102.5(b) ........ 8, 9

California Labor Code section 1102.5(c) ........ 9

California Labor Code section 1102.5(f) ........ 6

California Labor Code section 3600(a) ........ 6

California Labor Code section 5405(a) ........ 6

Title VII of the Civil Rights Act of 1964 ........ passim

**Other Authorities**

8 Judge William W Schwartzner, et al.,
Rutter Group's Federal Civil Procedure Before Trial, § 8:1513 ........ 12

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

iv.

CASE NO. C 14-02761 JST

## I. INTRODUCTION

Rather than oppose Defendant SPIRIT AIRLINES, INC.'s ("Defendant" or "SPIRIT") Motion to Dismiss, which sought to dismiss all five of Plaintiff Cheryl Butler-Adams' ("Plaintiff") causes of action, Plaintiff filed the instant motion for leave to amend her Complaint. In so doing, Plaintiff effectively concedes that her initial Complaint contained the "alleged deficiencies" raised by Defendant's Motion to Dismiss. (Pl.'s Mot. For Leave to Amend, p. 3 [Dkt. 29].) Although Plaintiff now alleges a singular termination date, a few isolated comments made by purported coworkers, and alleged exhaustion of her administrative remedies for her Fair Employment and Housing Act ("FEHA") claims as they pertain to Defendant DAL GLOBAL SERVICES, INC. ("DAL"), her proposed amended Complaint, ultimately, does nothing to cure the numerous procedural and substantive defects in her claims which Defendant SPIRIT previously raised in its Motion to Dismiss [Dkt. 9]. As such, allowing the proposed amendments would be futile.

Specifically, Plaintiff's proposed First Amended Complaint still fails to demonstrate that she exhausted her administrative remedies against SPIRIT with respect to her claims for age and race discrimination under FEHA and Title VII or for retaliation under Cal. Labor Code § 1102.5.

Her claims under FEHA and for Section 1102.5 retaliation and intentional infliction of emotional distress also remain time-barred, as they all are subject to one-year limitations periods and Plaintiff filed her Complaint over one year after her revised alleged termination date.

Moreover, Plaintiff continues to allege her Title VII and Section 1981 age discrimination claims, which still fail because these statutes do not provide a cause of action for age discrimination. Plaintiff's FEHA, Title VII and Section 1981 claims for race and age discrimination also still fail because, even with Plaintiff's amendments, she still fails to allege facts demonstrating that she was terminated *because of* a protected characteristic.

Additionally, Plaintiff's Section 1102.5 retaliation claim still fails because Plaintiff does not allege facts that would demonstrate that she engaged in a protected activity within the meaning of Section 1102.5.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Furthermore, Plaintiff's claim for wrongful termination fails because it is still predicated on public policies embodied in FEHA and Section 1102.5, under which she cannot recover.

Finally, Plaintiff's proposed amended Complaint does nothing to cure her emotional distress claim, which still fails because it remains derivative of Plaintiff's other causes of action under which she cannot recover, and because her claim still stems from her termination, which does not amount to the requisite "extreme or outrageous conduct" as a matter of law.

Accordingly, for the reasons set forth in Defendant's Motion to Dismiss, and as set forth below, Plaintiff's Motion for Leave to Amend her Complaint should be denied. Plaintiff's proposed amended Complaint does not cure the defects raised in Defendant's Motion to Dismiss, which renders her instant attempt to amend futile. Further, Plaintiff's motion prejudices Defendant SPIRIT by delaying the ruling on and/or mooting Defendant's Motion to Dismiss, and creating additional motion practice to combat Plaintiff's still futile re-alleged claims. Should Plaintiff be permitted to proceed with her proposed First Amended Complaint, Defendant will file a second Motion to Dismiss.

## II. STATEMENT OF FACTS

Plaintiff claims that she worked for SPIRIT and Defendant DAL Global Services, Inc. ("DAL") from July 25, 2011 (Pl.'s [proposed[ First Amended Compl. ¶¶ 17-18) until Defendants terminated her employment, on or about June 21, 2012. (*Id.* at ¶ 171.)[1] She was terminated because she gave "away upgraded seats to paying passengers . . . in violation of company policy. (*Id.* at ¶ 13.)

Plaintiff filed this action in the Northern District of California on June 13, 2014. Despite alleging her termination was unlawful (*e.g.* "[a]s a direct and proximate result of Defendant's failure to prevent discrimination" (*Id.* at ¶ 121), "in violation of California Labor code § 1102.5" (*Id.* at ¶ 149), and "for the purpose of causing Plaintiff to suffer humiliation, mental

[1] Notably, Plaintiff named two Defendants in this Complaint: Defendant SPIRIT and Defendant DAL. DAL was Plaintiff's actual employer, and SPIRIT merely contracted with DAL to provide customer service at the airport destination where Plaintiff worked. Given that SPIRIT was not Plaintiff's employer, SPIRIT never received an administrative charge pertaining to this matter.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

2.

CASE NO. C 14-02761 JST

anguish and emotional and physical distress (*Id.* at ¶ 171)), her allegations consistently include few, if any, facts. Instead, and inconsistent with the requirements of federal law, her allegations are legal conclusions (*e.g.*, that "[i]ntentional discrimination is part of Defendant's standard operating procedure in that preferential treatment is exhibited for Caucasian employees and racial factors permeates [sic] all of Defendant's decision making with regard to employment decisions," (*Id.* at ¶ 133), that her supervisor, Michele Alegria, consistently "treated Plaintiff poorly because of her race" and "openly verbalized statements about plaintiffs [sic] to Plaintiff's coworkers" (*Id.* at ¶ 61), that Defendant "engaged in repeated acts of discriminatory conduct" (*Id.* at ¶ 128), and relied on Plaintiff's race and age in reaching its decision to terminate her (*Id.* at ¶ 131), that "[t]hroughout her employment, [she] repeatedly reported violations of Airline safety rules, policies and regulations" (*Id.* at ¶ 89) to "employees, managers, supervisors and managing agents of Defendants," (*Id.* at ¶ 148), and that she was "terminated a week after notifying [Spirit] of her intent to report the violations to the FAA." (*Id.* at ¶ 109)).

Plaintiff also alleges that she "timely filed an administrative complaint with the Department of Fair Employment and Housing Commission," and that she "received a Right to Sue letter from the EEOC dated June 13, 2013." (*Id.* at ¶ 9.) She provides no material naming SPIRIT as the respondent in an administrative charge or naming SPIRIT in a right-to-sue notice.

On August 1, 2014, Defendant filed its Motion to Dismiss, which sought to dismiss all five of Plaintiff's causes of action on a variety of procedural and substantive grounds. (Declaration of Jessica Marinelli In Support of Opposition to Motion for Leave to Amend Complaint, ¶ 2.) On August 29, 2014, in lieu of filing an opposition to Defendant's Motion to Dismiss, Plaintiff filed the instant Motion for an Order Granting Plaintiff Leave to File a First Amended Complaint. (*Id.*) In her Motion for Leave to Amend, Plaintiff submitted a copy of her proposed First Amended Complaint, which was nearly identical to her operative Complaint, but was, apparently, designed to address the defects raised in Defendant's Motion to Dismiss. (*Id.*)

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

3.

CASE NO. C 14-02761 JST

## III. LEGAL ARGUMENT

### A. Leave to Amend Should be Denied Where, as Here, the Proposed Amendments Would be Futile.

Ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, as challenges to the pleading are usually deferred until *after* leave to amend is granted and the amended pleading is filed. *Saes Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1085-86 (S.D. Cal. 2002). Leave to amend, however, may be denied if the proposed amendment is *futile* or would be *subject to dismissal. Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (amendment futile if limitations period has run).

As discussed in detail, below, Plaintiff's motion for leave to amend must be denied because, as she effectively conceded by filing the instant motion, Plaintiff's initial Complaint allegations were unsupportable against SPIRIT as a matter of law, and her proposed amended Complaint has done nothing to cure such defects. Indeed, she continues to allege claims which are time-barred, and for which she has failed to exhaust her administrative remedies as to SPIRIT. She also continues to allege claims under statutes which do not provide a cause of action for the recovery she seeks. Moreover, she still fails, substantively, to state claims upon which relief can be granted. Accordingly, amending Plaintiff's Complaint with the proposed amendments would be futile and, thus, should not be permitted. *See Id.*

### B. Plaintiff Failed To Exhaust Her Administrative Remedies Against SPIRIT For Her FEHA, Title VII And Labor Code § 1102.5 Claims

Although Plaintiff's proposed amended Complaint now alleges generally that Plaintiff exhausted her administrative remedies with respect to her FEHA and Title VII claims, Plaintiff still has not exhausted her administrative remedies as to these claims against *SPIRIT*. *See* Cal. Gov't Code § 12960(d); *Martin v. Lockheed Missile & Space Co*., 29 Cal. App. 4th 1718, 1724 (1994). Plaintiff apparently filed a complaint with the DFEH on June 13, 2013 (Pl.'s [proposed] First Amended Compl. ¶ 8, Exh. A [Dkt. 29-1, 29-2]), and received a right-to-sue letter from the DFEH on that same date. (Pl.'s [proposed] First Amended Compl. ¶ 9, Exh. B.) Plaintiff, however,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

4.

CASE NO. C 14-02761 JST

failed to name SPIRIT as a Defendant/Respondent in her charge (*Id.* at Exh. A) and her DFEH right-to-sue notice, likewise, does not identify SPIRIT. (*Id.* at Exh. B.) Accordingly, Plaintiff cannot pursue her FEHA claims against SPIRIT. *See, e.g.*, *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal. App. 4th 1505, 1515 (1996) ("in order to bring a civil lawsuit under the FEHA, the defendants must have been named in the caption or body of the DFEH charge"); *Medix Ambulance Serv., Inc. v. Super. Ct.* (*Collado*), 97 Cal. App. 4th 109, 118 (2002) (same); *Schnur v. GM Hughes Elecs.*, 1996 U.S. App. LEXIS 2150, *5 (9th Cir. Cal. 1996) (finding plaintiff's "failure to name a party in the administrative complaint is a jurisdictional bar to maintaining a FEHA claim against that party").

Additionally, while Plaintiff appears to have filled out an EEOC intake questionnaire (Pl.'s [proposed] First Amended Compl. Exh. C), she still has not received a right-to-sue notice from the EEOC allowing her to name SPIRIT as a Defendant, nor has she alleged that she has received such a notice in her proposed First Amended Complaint. Accordingly, Plaintiff still cannot pursue her Title VII claims against SPIRIT. *Ramsay v. Broward County Sheriff's Office*, No. 05-61959, 2007 U.S. Dist. LEXIS 98428, *17 (S.D. Fla. May 24, 2007) ("In addition to filing a charge with the EEOC, Plaintiff must also have received a statutory notice from the EEOC that he or she may file suit"); *James v. Communications Workers of America*, 534 F. Supp. 566, 570 (N.D. Ga. 1982) ("where, as here, the plaintiff has failed to obtain a right to sue letter, even by the time of a motion for dismissal, the courts are unanimous that the suit must be dismissed").

Finally, neither Plaintiff's operative nor her proposed Complaints allege that she has exhausted her administrative remedies prior to bringing an action under Labor Code section 1102.5. *Ortiz v. Lopez,* 688 F. Supp. 2d 1072, 1080-81 (E.D. Cal. 2010) ("plaintiff was required to exhaust all administrative remedies pursuant to section 98.7 prior to bringing an action under section 1102.5"). Therefore, she still cannot pursue her whistleblower retaliation claim against SPIRIT.

### C. Plaintiff's FEHA, Title VII, Whistleblower Retaliation And Emotional Distress Claims Still Fail Because They Are Time-Barred.

Although Plaintiff's proposed amended Complaint now states that her termination date is June 21, 2012, this revision does not save her FEHA, whistleblower retaliation and emotional

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

5.

CASE NO. C 14-02761 JST

distress claims from being time-barred. Each of these claims has a one-year limitations period, and Plaintiff did not file her Complaint until June 13, 2014 – nearly two years after her termination. *See* Cal. Gov't Code § 12965(b) (FEHA civil actions must be filed within one year after date on DFEH right-to-sue notice)[2]; Cal. Code Civ. Proc. § 340(a); Lab. Code § 1102.5(f); and *Fenters v. Chevron*, 2009 U.S. Dist. LEXIS 115903, *22-23 (E.D. Cal. 2009) (Section 1102.5 claims subject to one-year limitations period); and Lab. Code §§ 3600(a) and 5405(a) (exclusive remedy provisions of Workers' Compensation Act, which preempt emotional distress employment claims, are subject to one-year limitations period).

Moreover, Plaintiff's Title VII claims remain time-barred because her proposed amended Complaint does nothing to indicate that she has obtained an EEOC right-to-sue notice or, therefore, that she could have filed her suit within 90 days of obtaining such notice, as is required. *See* 42 U.S.C. § 2000e-5(f)(1); *Gonzalez v. Stanford Applied Engineering, Inc.,* 597 F.2d 1298, 1299 (9th Cir. 1979).

Because Plaintiff's FEHA, Title VII, Section 1102.5 and emotional distress claims are time-barred, she may not continue to allege such claims in an amended Complaint.

**D. Plaintiff's Title VII And Section 1981 Age Discrimination Claims Still Fail Because These Statutes Do Not Provide A Cause of Action For Age Discrimination.**

As with Plaintiff's operative Complaint, her proposed First Amended Complaint does nothing to cure the fact that she cannot bring a cause of action for age discrimination under Title VII and Section 1981. Indeed, no amendment could cure this defect, as Title VII and Section 1981 do not provide causes of action for age discrimination. *See* 42 U.S.C. § 2000e-2; 42 U.S.C. § 1981(a)-(b). Accordingly, Plaintiff's age discrimination causes of action under Title VII and Section 1981 are still barred.

/ / /

/ / /

[2] Given that Plaintiff failed to obtain a right-to-sue notice naming SPIRIT as to her FEHA claims, as discussed above, she clearly has not filed suit within the requisite one-year from the date on a viable right-to-sue notice. Therefore, her FEHA claims are time-barred.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**E. Plaintiff's FEHA, Title VII And Section 1981 Discrimination Claims Still Fail Because Plaintiff's Proposed Amended Complaint Pleads Insufficient Facts To State a Claim.**

Even assuming, *arguendo*, that Plaintiff's FEHA, Title VII and Section 1981 discrimination claims were not barred, her proposed First Amended Complaint, like her operative Complaint, fails to plead facts sufficient to establish these claims. The addition of two isolated alleged coworker comments in Plaintiff's proposed amended Complaint – that Plaintiff "thinks she's better than everyone because of her education, but she's just another affirmative action bitch" (Pl.'s [proposed] First Amended Compl. ¶ 62) and that "all her black ass does is sit around in a chair" (*Id.* at ¶ 79) does not cure this defect. *See Fonseca v. Sysco Food Servs. Of Arizona, Inc.*, 374 F.3d 840, 850 (9th Cir. 2004) (Section 1981 and Title VII discrimination claims analyzed identically); *Flait v. North American Watch Corporation*, 3 Cal. App. 4th 467 (1992) (discrimination claims under FEHA are analogous to Title VII); *Guz v. Bechtel*, 24 Cal. 4th 317, 355 (2000), *Heard v. Lockheed Missiles & Space Co.,* 44 Cal. App. 4th 1735, 1750 (1996)*, Caldwell v. Paramount Unified School Dist.,* 41 Cal. App. 4th 189, 201 (1995) (all holding that Plaintiff must demonstrate a connection or nexus between her membership in a protected class and the employer's adverse employment decision). Indeed, these two alleged comments – particularly without any alleged temporal proximity to Plaintiff's termination, or any alleged facts to suggest that such comments influenced or were even known by the decision-maker – do not convert Plaintiff's otherwise lawful termination into unlawful discrimination. This is particularly true where, as here, Plaintiff was legitimately terminated for violating Company policy by giving away upgraded seats, and was notified that this was the reason for her termination. (Pl.'s [proposed] Amended Compl. ¶ 113.)

With regard to Plaintiff's age discrimination claim, Plaintiff's amended Complaint adds two allegations – that she was 48 years old at the time of her termination, and that she was replaced by a younger employee. (Pl.'s [proposed] First Amended Complaint, ¶¶ 118-19.) These alleged facts, without anything more, fall far short of establishing that Plaintiff was somehow terminated *because of her age*, as is required to establish this claim. *See Caldwell, supra,* 41 Cal. App. 4th at 201. Accordingly, Plaintiff's race and age discrimination claims still fail.

/ / /

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

7.

CASE NO. C 14-02761 JST

**F. Plaintiff's Retaliation Claim Fails Because Her Proposed Amended Complaint Still Does Not Allege Protected Activity Within The Meaning Of Section 1102.5.**

Even assuming, *arguendo*, that Plaintiff's proposed Section 1102.5 claim is not still barred by the limitations period and because of Plaintiff's failure to exhaust, it nonetheless is not viable because Plaintiff still fails to plead sufficient facts to establish a *prima facie* case of retaliation under Section 1102.5.

Section 1102.5(a) effectively prohibits employers from preventing employees from disclosing information to a government law enforcement agency, to a person with authority over the employee, or to another employee. Cal. Lab. Code § 1102.5(a). Even in her proposed First Amended Complaint, Plaintiff still does not allege any fact to suggest that SPIRIT prohibited her from such activity. Indeed, she continues to concede that she "made numerous and repeated complaints to employees, managers, supervisors and managing agents of Defendants," indicating that SPIRIT did not prevent its employees to making complaints either internally or otherwise. (Pl.'s [proposed] First Amended Complaint ¶ 148.)

Likewise, as with her initial Complaint, her proposed First Amended Complaint fails to state a claim under Section 1102.5(b). Section 1102.5(b) provides that "[a]n employer may not retaliate against an employee for disclosing information ***to a government or law enforcement agency***, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation of noncompliance with a state or federal rule or regulation." Cal. Lab. Code § 1102.5(b) (emphasis added). The California Supreme Court has held that Section 1102.5(b) "does not protect [an employee] who reported his suspicions directly to his employer." *Green v. Ralee Engineering Co.,* 19 Cal. 4th 66, 77 (1998). Rather, it only "concerns employees who report to *public agencies*." *Id.* (emphasis added); *see also Collier v. Superior Court,* 228 Cal. App. 3d 1117, 1123 (1991) ("[Section 1102.5(b)] addresses employee reports to public agencies rather than to the employer"); and *Love v. Motion Industries, Inc.,* 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004) (finding plaintiff must disclose activity that violates a federal or state statute to a public agency in order to constitute protected activity); *compare Gardenhire v. Housing*

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

8.

CASE NO. C 14-02761 JST

*Authority of the City of Los Angeles,* 85 Cal. App. 4th 236 (2000) (finding employee who complained to a public agency employer pleaded facts sufficient to state a claim under Section 1102.5(b)).

Despite Labor Code section 1102.5(b)'s plain language requiring an employee to report her concerns to public agencies, Plaintiff's Complaint and proposed First Amended Complaint fail to allege that Plaintiff ever made a complaint to any government or law enforcement agency. Instead, Plaintiff chooses to rely solely on a vague allegation that she complained internally to SPIRIT's or DAL's "employees, managers, supervisors and managing agents." (Compl. ¶ 53; proposed First Amended Complaint ¶ 148.) This allegation is insufficient to establish a violation of Section 1102.5(b). Thus, Plaintiff's Complaint and proposed Amended Complaint fail to state facts sufficient to constitute a cause of action for retaliation under Section 1102.5(b).

Plaintiff's proposed First Amended Complaint also fails to state facts sufficient to constitute a cause of action for retaliation under Section 1102.5(c), which prohibits employers from retaliating against employees for refusing to participate in any activity that would result in a violation of the law. However, Plaintiff's proposed First Amended Complaint, as with her operative Complaint, fails to allege that she ever refused to participate in any activity, much less an activity that would result in violation of state or federal law. *See Harrah v. Toyota Logistic Servs., Inc.*, 2004 U.S. Dist. LEXIS 28833, at *2 n. 2 (C.D. Cal. 2004) (Section 1102.5(c) is "only applicable where an employee *refuses* to participate in some allegedly illegal activities" (emphasis in original)). Accordingly, because Plaintiff's Complaint and proposed First Amended Complaint fail to state facts sufficient to constitute a cause of action under *any* provision of Section 1102.5, Plaintiff should not be granted leave to amend her cause of action for whistleblower retaliation under Section 1102.5.

### G. Plaintiff's Claim For Wrongful Termination Fails Because It Is Still Predicated On Public Policies Embodied In FEHA And Section 1102.5, Under Which She Cannot Recover.

Even in her proposed First Amended Complaint, Plaintiff still bases her "wrongful termination" claims on FEHA and Section 1102.5, under which she cannot recover. (Pl.'s proposed First Amended Complaint, ¶¶ 158-169.) First, Plaintiff still cannot allege a common law claim for wrongful termination where, as here, an alternative statutory remedy (FEHA and Section 1102.5) is

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

9.

CASE NO. C 14-02761 JST

available. *See Straus v. A.L. Randall. Co., Inc.*, 144 Cal. App. 3d 514, 518-19 (1983) ("[w]here a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided").

Second, even assuming, *arguendo*, that Plaintiff could bring a wrongful discharge claim, she cannot predicate her claim on the public policy in FEHA and Section 1102.5 because, as discussed above, these claims are barred in the instant Complaint and proposed First Amended Complaint for failure to exhaust as to SPIRIT and because of the limitations period. *See, supra*, Sections II(A) and (B); *Estes v. Monroe*, 120 Cal. App. 4th 1347, 1358-60 (2004) (claims for wrongful discharge in violation of FEHA public policy must be limited by the terms of the statute); *Gonsalves v. Infosys Technologies, LTD.*, 2010 U.S. Dist. LEXIS 44401, *18 (N.D. Cal. 2010) (wrongful discharge claim based on FEHA was barred because Plaintiff's FEHA claim was barred); *TRW Inc. v. Super. Ct.*, 25 Cal. App. 4th 1834, 1853-54 (1994) (no cause of action for wrongful termination in violation of public policy if the employer did not violate the constitutional or statutory provision asserted as the basis for the cause of action). Accordingly, Plaintiff should not be granted leave to amend her wrongful termination claim, as it would be futile.

### H. Plaintiff's Emotional Distress Claim Fails Because It Is Still Derivative Of Plaintiff's Other Causes Of Action Under Which She Cannot Recover, And Because It Is Insufficiently Pled.

Plaintiff continues to allege emotional distress based on her termination. (Pl.'s proposed First Amended Complaint, ¶ 171.) However, as discussed in SPIRIT's Motion to Dismiss and above, Plaintiff cannot prove that her termination was unlawful under any of the theories she has advanced – her claims for violation of FEHA, Title VII, Section 1981, Section 1102.5, or wrongful termination. Therefore, her emotional distress claim must fall with those claims. *See Wong v. Jing*, 189 Cal. App. 4th 1354, 1378-79 (2010) (infliction of emotional distress claims fail if plaintiff cannot hold defendant liable for underlying conduct).

Moreover, Plaintiff still fails to state an emotional distress claim because even her proposed amended Complaint continues to base her entire emotional distress claim on her termination – events directly borne out of personnel management decisions. (Pl.'s proposed First Amended Complaint, ¶ 171.) A personnel management activity is insufficient to support a claim for

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

10.

CASE NO. C 14-02761 JST

intentional infliction of emotional distress, even if the plaintiff alleges improper motivation. *See Janken v. GM Hughes Electronics,* 46 Cal. App. 4th 55, 80 (1996) ("managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society"). Accordingly, Plaintiff must not be granted leave to amend her emotional distress claim in the manner proposed.

**I. Leave to Amend Should Be Denied Where, As Here, There is Prejudice and Delay.**

The power to grant or deny a motion for leave to amend rests within the sound discretion of the Court. *Swanson v. US Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). Although policy may favor amendment in some circumstances, denial of leave to amend is justified where there has been undue delay, where the proposed amendment is motivated by bad faith, and/or where there is prejudice to the opposing party. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir. Cal. 1989); *Price v. Pinnacle Brands, Inc*., 138 F.3d 602, 608 (5th Cir. 1998). Leave to amend is also properly denied where the plaintiff knew of the facts upon which the amendment was based at the time she drafted her original complaint. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. Cal. 1994), *cert. denied*, *Payne v. Kaplan,* 516 U.S. 810 (1995); *Almaz v. Temple-Inland Forest Prods. Corp*., 243 F.3d 57, 72 (1st Cir. 2001) (what plaintiff knew is "relevant to the question of whether justice requires leave to amend").

Here, multiple factors justify denial of Plaintiff's proposed amendments. First, Plaintiff knew of the few additional alleged facts upon which her proposed amended Complaint is based when she drafted her original Complaint, and she has not alleged otherwise or that any additional facts have arisen since her prior Complaint was filed. Indeed, Plaintiff's substantive allegations entirely arise out of her employment, and she was terminated long before her initial Complaint was filed, meaning no new substantive allegations could have arisen in the meantime. Moreover, Plaintiff has not alleged that any procedural facts have occurred since she filed her original complaint, such as the filing or amending of administrative charges for exhaustion purposes. Now, only after realizing she may lose the pending (and unopposed) Motion to Dismiss, Plaintiff seeks to amend her Complaint. Plaintiff's motive, which could only conceivably be delay (given

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

11.

CASE NO. C 14-02761 JST

that her proposed Amended Complaint has done nothing to cure the defects in her Complaint), is, alone, a basis to deny her motion for leave to amend. 8 Judge William W Schwartzner, et al., Rutter Group's Federal Civil Procedure Before Trial, § 8:1513, p. 8-168 ("Leave to amend may be denied if the court determines the amendment is interposed solely for delay").

Plaintiff's motion should also be denied because of the prejudice it will cause to Defendant. Prejudice has been held to be the most important and most common reason for denying leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. Cal. 2003). Defendant has been prejudiced here by the unnecessary and prolonged litigation of Plaintiff's meritless claims. As Plaintiff effectively conceded by virtue of the instant motion, her initial Complaint did not state a single viable cause of action on which relief could be granted. Accordingly, Defendant was left with no choice but to expend significant time and legal fees researching and drafting an extensive motion to dismiss, attacking all five of Plaintiff's causes of action on numerous substantive and procedural grounds. Then, rather than oppose the Motion to Dismiss, Plaintiff filed the instant motion for leave to amend her Complaint, creating still more motion practice regarding the efficacy of her pleadings and delaying the ruling on and/or mooting Defendant's Motion. As discussed herein and in Defendant's Motion to Dismiss, however, Plaintiff's proposed amended Complaint has not actually cured any of the defects raised in Defendant's Motion to Dismiss. Accordingly, Plaintiff's first amended Complaint, if it becomes operative, will create additional delays and motion practice in order to respond to Plaintiff's amended, but nevertheless still defective, claims. Given the undue prejudice, expense and burden Defendant will continue to face if Plaintiff is allowed to pursue her unchanged and meritless claims, Plaintiff's motion for leave to amend must be denied.

## IV. CONCLUSION

For the reasons stated above and in Defendant's Motion to Dismiss, which remain wholly unchanged by Plaintiff's proposed First Amended Complaint, Defendant respectfully requests that the Court deny Plaintiff's motion for leave to amend her Complaint.

/ / /

/ / /

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT

12.

CASE NO. C 14-02761 JST

Dated: September 12, 2014

                */s/ Jessica L. Marinelli*
                ALAN S. LEVINS
                JESSICA L. MARINELLI
                LITTLER MENDELSON, P.C.
                Attorneys for Defendant
                SPIRIT AIRLINES, INC.

Firmwide:128889693.3 060355.1037

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT SPIRIT AIRLINES, INC.'S OPP. TO PLTF'S MTN FOR LEAVE TO AMEND COMPLAINT     13.     **CASE NO. C 14-02761 JST**